IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TESSIE LYNN GLOVER,

        Plaintiff,

v.

CAROLYN W. COLVIN,

        Defendant.

1:15-cv-644-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Tessie Lynn Glover's ("Plaintiff") Application to Appeal *In Forma Pauperis* [24] ("Application").

**I.     BACKGROUND**

On March 4, 2015, Plaintiff filed this civil action challenging the Social Security Administration's ("SSA") denial of Plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Plaintiff argued that the ALJ erred by failing to incorporate into Plaintiff's residual functional capacity ("RFC") certain of Dr. Clancy's and Dr. Cunanan's opinions, and that the Commissioner failed to satisfy her burden at step five of the sequential evaluation process.  On June 16, 2016, Magistrate Judge Catherine M. Salinas issued her final report and recommendation [13] ("R&R"), recommending that the

Court uphold the SSA's denial. On July 19, 2016, the Court issued its order adopting the R&R.

On October 2, 2016, Plaintiff filed her Application. Plaintiff intends to present on appeal the following issues: (1) the ALJ's RFC assessment is not supported by substantial evidence; (2) the ALJ reversibly erred by failing to properly assess Plaintiff's subjective complaints and credibility; and (3) the ALJ's hypothetical questioning of the vocational expert cannot be deemed complete, and thus the testimony elicited did not satisfy the Commissioner's burden of proof at step five of the sequential evaluation process.

## II.   DISCUSSION

### A.   Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the

---

[1]   The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

> person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.  The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis.*  First, the party must show an inability to pay.  Second, the appeal must be brought in good faith.  An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal.").  A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith.  See

Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith."  (citations omitted)).

    B.    Analysis

The Court finds that Plaintiff has shown an inability to pay the costs of appeal.  The Court also finds that, given the complex evidentiary issues involved in this case, and Plaintiff's articulation of the specific issues she seeks to appeal, the appeal is not indisputably meritless.  Plaintiff's appeal is thus taken in good faith, and Plaintiff's Application is granted.  See 28 U.S.C. § 1915(e)(2).

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Tessie Lynn Glover's Application to Appeal *In Forma Pauperis* [24] is **GRANTED**.

**SO ORDERED** this 4th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE